**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

|  |  |
|---|---|
| MELVIN L. FERGUSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-1654 (CKK) |
| | ) |
| DEPARTMENT OF CORRECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

---

**<u>MEMORANDUM OPINION</u>**

This matter comes before the Court on defendants' motion to dismiss the complaint. Having considered the motion, plaintiff's opposition, and the entire record of this case, the Court will dismiss this action without prejudice.

## I.  BACKGROUND

At all times relevant to the complaint, plaintiff was incarcerated at the Correctional Treatment Facility ("CTF"), a District of Columbia institution operated by the Corrections Corporation of America ("CCA").[1] Plaintiff alleges that defendants violated rights protected under the First Amendment to the United States Constitution by refusing to respond to his inmate grievances and by denying him access to the courts.  *See* Compl. at 2, 4, 5.  He claims that

---

[1]     Plaintiff since has been transferred to a federal penitentiary in Jonesville, Virginia.

1

defendants limited his access to CTF's law library and provided only outdated law books, such that he was unable to meet deadlines for filing papers in court cases. *Id.* at 4. In addition, he alleges violations of his Eighth Amendment rights in that defendants denied his requests to see a dentist for treatment of gum disease. *Id.* at 6. For these alleged constitutional violations, plaintiff brings this action under 42 U.S.C. § 1983, and demands unspecified monetary damages. *Id.* at 3.

## II.   DISCUSSION

### A.  Standard of Review

A complaint should not be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); Fed. R. Civ. P. 12(b)(6). The factual allegations of the complaint are presumed to be true and are construed liberally in plaintiff's favor. *See, e.g., United States v. Phillip Morris, Inc.,* 116 F.Supp. 2d 131, 135 (D.D.C. 2001). The Court is not obligated, however, to draw inferences that are not supported by the facts alleged. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

### B.  Exhaustion of Administrative Remedies

In relevant part, the Prison Litigation Reform Act provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other

> Federal law, by a prisoner confined to any jail, prison, or
> other correctional facility until such administrative
> remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The exhaustion requirement of Section 1997e(a) is

mandatory, and "applies to all prisoners seeking redress for prison

circumstances or occurrences."  *Porter v. Nussle*, 534 U.S. 516, 520 (2002).  A

prisoner must complete the administrative process "regardless of the relief

offered through administrative avenues."  *Booth v. Churner*,  532 U.S. 731, 741

(2001).  Thus, a prisoner may file a civil action concerning conditions of

confinement under federal law only after he has exhausted the prison's

administrative remedies.  *Jackson v. District of Columbia*, 254 F.3d 262, 269

(D.C. Cir. 2001).

Although the complaint is poorly organized and short on detail, it does

allege the filing of several inmate grievances, some regarding the denial of

access to the law library and others regarding the denial of requests to see a

dentist.  In addition, plaintiff appears to suggest that defendants thwarted his

efforts to seek relief through the inmate grievance procedure, and asserts that

his only recourse was to file a lawsuit.  *See* Pl.'s Surreply at 2-3.  The

complaint manages to make clear that plaintiff at least attempted to avail

himself of the inmate grievance procedure, although it does not plead expressly

that plaintiff completed all stages of the grievance procedure before filing the

instant civil action.

Exhaustion, however, is not plaintiff's burden to plead.  Rather, failure to

exhaust administrative remedies is an affirmative defense that defendant must

plead and prove.  *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d

674, 681 (4th Cir. 2005) ("[A]n inmate's failure to exhaust his administrative

remedies must be viewed as an affirmative defense that should be pleaded or

otherwise properly raised by the defendant."); *Westefer v. Snyder*, 422 F.3d

570, 577-78 (7th Cir. 2005) ("Although exhaustion is a precondition to the

prisoners' suit, failure to exhaust is an affirmative defense that [defendant]  has

the burden of proving."); *Jackson v. District of Columbia*, 89 F.Supp.2d 48, 56

(D.D.C. 2000) (holding that exhaustion under Section 1997e(a) is an affirmative

defense), *vacated in part on other grounds*, 254 F.3d 262 (D.C. Cir. 2001); *but

see Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003)

("[W]e cannot view § 1997e(a) exhaustion as an affirmative defense to be

specially pleaded or waived.  Instead, we conclude that § 1997e(a) imposes a

pleading requirement on the prisoner.").  In this case, defendants offer no

support for their exhaustion argument, and thus fail to meet their evidentiary

burden.[2]

----

[2]    Defendants' Reply includes a motion for summary judgment, with only an excerpt of CTF's Inmate Handbook in support of it.  *See* Defs.' Reply, Ex. A (Inmate Handbook section regarding Inmate Grievance Procedures).  The motion will be denied for two reasons.  First, a summary judgment motion at this stage of the proceedings does not give plaintiff sufficient notice of his additional evidentiary burden in opposing summary judgment.  Second, the motion itself is deficient.  It is not accompanied by pleadings, depositions,

*C.  Failure to State a Civil Rights Claim under 42 U.S.C. § 1983*

To state a claim under 42 U.S.C. § 1983, a complaint must allege facts sufficient to show that the conduct of which plaintiff complains (1) was committed by a person acting under color of state law, and (2) deprived plaintiffs of a constitutionally-protected right.  *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988).  The District of Columbia is a municipality and is considered a "person" for purposes of Section 1983.  *See, e.g., Best v. District of Columbia*, 743 F. Supp. 44, 46 (D.D.C. 1990).  The Supreme Court instructs that a municipality cannot be held liable for monetary, declaratory or injunctive relief under 42 U.S.C. § 1983 unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 690 (1978).  Nor can a municipality be held liable under Section 1983 simply because of the action or inaction of persons in its employ.  *Id.* at 691 (a municipality "cannot be held liable solely because it employs a tortfeaser - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"); *see also Arnold v. Moore*, 980 F.Supp. 28, 35-36

_____

answers to interrogatories, admissions or affidavits showing that there is no genuine issue of material fact, and it includes no separate statement of material facts as to which defendants contend there is no genuine issue.  *See* Fed. R. Civ. P. 56; LCvR 7(h).

(D.D.C. 1997) (citing *Haynesworth v. Miller*, 820 F.2d 1245, 1259 (D.C. Cir. 1987)) (holding that high level public officials are fellow government servants, not employers, of their subordinates who cannot be held liable on the basis of *respondeat superior*).

Although the D.C. Circuit has not yet addressed this issue, two judges in this district have concluded that, when a private corporation is acting under contract with the District of Columbia government to operate a correctional facility, Section 1983 liability depends on the plaintiff's ability to allege that his injury is the result of a "custom or policy" of the private corporation. *See Hannon v. Beard*, No. 02-1779 (PLF) (D.D.C. Sept. 26, 2003 ) (concluding that, in order Section 1983 liability to attach, plaintiff must allege a violation of constitutional rights resulting from pattern or practice of private corporation providing transportation services for inmates); *Gabriel v. Corrections Corp. of America*, 211 F. Supp. 2d 132, 138 (D.D.C. 2002).  This deficiency in plaintiff's complaint is fatal, and the Court will grant defendants' motion to dismiss.

### D.  Compliance with D.C. Code § 12-309

Pursuant to D.C. Code § 12-309, in order to maintain an action against the District of Columbia for unliquidated damages to person or property, a plaintiff must notify the Mayor in writing within six months of having sustained the injury or damage.  However, constitutional claims brought under 42 U.S.C. § 1983 are not subject to the notice provisions of D.C. Code § 12-309.  *Brown*

6

*v. United States*, 742 F.2d 1498, 1502 (D.C. Cir. 1984) (concluding that Congress, which passed local legislation codified at D.C. Code § 12-309, did not intend "that it should burden federal causes of action"); *Johnson-El v. District of Columbia*, 579 A.2d 163, 170 (D.C. 1990).  Plaintiff's apparent failure to submit timely written notice of his constitutional claims, then, is not a valid basis for dismissing them.

## III.   CONCLUSION

For the reasons stated herein, the Court will grant defendants' motion to dismiss, and will dismiss this action without prejudice.  An Order consistent with this Memorandum Opinion will be issued separately on this same date.


_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date:  October 31, 2005